I concur in the opinion but write separately to express my misgivings about the conclusion that homeowners are exempt from OSHA (California Occupational Safety and Health Act of 1973; Lab. Code, § 6300 et seq.) regulations when remodeling their residence where their purpose is personal, "to enhance the owners' enjoyment of their residence." (Maj. opn., ante, at p. 269.) It is one thing to conclude that the "household domestic service" exception in OSHA (Lab. Code, § 6303, subd. (b)) makes that statute inapplicable to tree trimming, as our Supreme Court held inFernandez v. Lawson (2003) 31 Cal.4th 31 [1 Cal.Rptr.3d 422, 71 P.3d 779], or even to the removal and replacement of a roof. It is another to say that the phrase is so broad as to encompass a home remodeling involving demolition of a roof, the addition of a new one, together with remodeling the master bedroom, bath and garage, adding over 750 square feet to the home. The exemption applies even to a project of such scale, we say, because the owners are having it done to "enhance [their] enjoyment of their residence" rather than for a commercial purpose. We decline to suggest that every project undertaken by a homeowner is exempt, but it is difficult to see where a reasonable line would be drawn if the work in this case satisfies the exemption. *Page 271 
Despite these misgivings, I join in the opinion in deference toFernandez. While our Supreme Court found it unnecessary to decide whether homeowners are subject to OSHA for noncommercial home projects other than tree trimming, the rationale of the decision appears to be that they are not, and that it would be unfair and impractical to subject them to the intricacies of OSHA regulations for improvement work on their own home. (See discussion in Fernandez v. Lawson, supra, 31 Cal.4th at p. 37.) *Page 272